UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Richard Y. Fisher,

            Plaintiff,

–v–

Petr Konchalovsky Foundation, et al.,

            Defendants.

15-cv-9831 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On January 14, 2016, Plaintiff Richard Y. Fisher filed a motion seeking permission under Federal Rule of Civil Procedure 4(f)(3) to serve the named defendant in this case, the Petr Konchalovsky Foundation ("the Foundation"), by United States Post Office International Mail. Dkt. No. 13. Included with Fisher's motion is an affidavit from John Pierceall, an attorney for Ancillary Legal Corporation, a company that serves international legal process. Dkt. No. 14. Mr. Pierceall avers that the Foundation is a Russian corporation with its principal place of business in Moscow. *Id.* at 1. He further avers that Russia no longer effects service through its Central Authority, which is the method prescribed under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. *Id.* at 1-2. Accordingly, Fisher seeks to avail himself of Rule 4(f)(3), which states that "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).[1]

---

[1] Although Rule 4(f) discusses service in the context of an individual, not a corporation, Rule 4(h)(2) permits service of a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

1

Attached to Mr. Pierceall's affidavit are several unreported orders in which state courts have approved service on Russian defendants through the international mail—i.e., the same method of service Fisher asks this Court to authorize. *See* Dkt. No. 14, Ex. A. In this district, however, courts have repeatedly rejected such requests. In *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, for instance, the court held that "despite Russia's noncompliance with the Hague Convention, Plaintiffs' service by mail still does not suffice as adequate service" under Rule 4(f)(3. No. 12-CV-9258 (ALC), 2014 WL 1331046, at *9 (S.D.N.Y. Mar. 31, 2014). Similarly, in *AMTO, LLC v. Bedford Asset Management., LLC*, the court denied a request to serve a Russian individual by mail on the grounds that Russia has objected to Article 10 of the Hague Convention, which authorizes service "by postal channels," but only "absent any objection by the country in which the defendant is located." No. 14-CV-9913 (KMK), 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) (quotation marks and citation omitted). The court found that "Russia's failure to abide by the Convention does not change the fact that Russia does not agree to service by mail." *Id.* (quotation marks, alteration, and citation omitted).

In the light of the foregoing authority, Fisher is ORDERED to do one of the following by January 29, 2016:

(1) Submit a brief of no more than five pages explaining why the Court should decline to follow the authority in this district rejecting service by mail for Russia defendants; or

(2) Propose an alternative means of effecting service on the Foundation, accompanied by a brief of no more than five pages explaining why that method of service is permissible under Rule 4(f)(3).

SO ORDERED.

2

Dated: January 1**\_\_**, 2016
      New York, New York

                                         ALISON J. NATHAN
                                    United States District Judge

3