UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Richard Y. Fisher,

            Plaintiff,

–v–

Petr Konchalovsky Foundation, et al.,

            Defendants.

15-cv-9831 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Richard Y. Fisher seeks permission to serve the complaint in this case on the named defendant, the Petr Konchalovsky Foundation ("the Foundation"), pursuant to Federal Rule of Civil Procedure 4(f)(3). Dkt. No. 16. Rule 4(f) governs service of process on individuals "not within any judicial district of the United States." Fed. R. Civ. P. 4(f). Although Rule 4(f) provides that such service may be effected "by any internationally agreed means of service" and "as prescribed by the foreign country's law for service," the rule also permits a court to authorize international service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).[1] Here, Fisher requests that the Court permit him to serve the Foundation via email. For the reasons that follow, Fisher's request is GRANTED.

    Fisher commenced this action on December 17, 2015. Dkt. No. 1. He alleges in his complaint that the Foundation wrongfully declared a painting that he owns, which he claims is a 1920 oil painting titled "Still Life with Grinder" by Russian artist Petr Petrovich Konchalovsky, to be inauthentic. Dkt. No. 4 ¶¶ 1-2. According to the complaint, the Foundation is based in Moscow, Russia. Id. ¶ 4.

---

[1] Although Rule 4(f) discusses service in the context of an individual, not a corporation, Rule 4(h)(2) permits service of a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

1

On January 14, 2016, Fisher filed a motion to serve the Foundation under Rule 4(f)(3). Dkt. No. 13. Included with Fisher's motion was an affidavit from John Pierceall, an attorney for Ancillary Legal Corporation, a company that serves international legal process. Dkt. No. 14. Mr. Pierceall confirmed that the Foundation is a Russian corporation with its principal place of business in Moscow. *Id.* at 1. He further averred that Russia no longer effects service through its Central Authority, which is the method prescribed under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). *Id.* at 1-2; *see also Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12-CV-9258 (ALC), 2014 WL 1331046, at *9 (S.D.N.Y. Mar. 31, 2014) ("[A]lthough Russia is a signatory to the Hague Convention, in July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters." (quotation marks and citation and omitted)). Accordingly, Fisher sought to effect service on the Foundation through United States Post Office International Mail. Dkt. No. 13.

The Court declined to grant Fisher's request. It noted that courts in this district have repeatedly rejected requests to approve service on Russian defendants through the international mail. Dkt. No. 15. That is because although Article 10 of the Hague Convention authorizes service "by postal channels . . . absent any objection by the country in which the defendant is located," Russia has objected to Article 10. *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913 (KMK), 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015). And "Russia's failure to abide by the Convention . . . does not change the fact that Russia does not agree to service by mail." *Kuklachev v. Gelfman*, No. 08-CV-2214 (CPS), 2008 WL 5068860, at *2 n.2 (E.D.N.Y. Nov. 24, 2008). In light of these facts, the Court ordered Fisher to either indicate why the Court should not follow the weight of authority in this district or propose an alternative means of effecting service on the Foundation. Dkt. No. 15. On January 28, 2016, Fisher proposed serving the Foundation by email. Dkt. No. 16.

In support of Fisher's proposal, his counsel, David Steiner, submitted an affidavit indicating that he had reached out to Valère Lamblot, a Parisian art dealer, to assist in contacting

2

the Foundation. Dkt. No. 17 ¶ 4. Mr. Lamblot then forwarded an email exchange with Alexander Konov, the Director of the Foundation, to Mr. Steiner. *Id.* ¶ 5. Mr. Lamblot's email to the Foundation indicated that he had "been approached by a collector wishing to sell a Knochalovski painting" and asked for advice regarding authentication. Dkt. No. 17, Ex. A. That same day, Mr. Lamblot received a response Mr. Konov, at the email address konov@pkonchalovsky.com, instructing Mr. Lamblot to address his request to art experts in Geneva or Moscow, and providing websites for the institutes he recommended in those cities. *Id.*; *see also* Dkt. No. 17 ¶ 5. Mr. Steiner then attempted to contact Mr. Konov via email, but he did not receive a response. Dkt. No. 17 ¶¶ 7-8.

An alternative method of service under Rule 4(f)(3) "is acceptable if it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *S.E.C. v. China Intelligent Lighting & Elecs., Inc.*, No. 13-CV-5079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014) (quotation marks and citation omitted). Both requirements are satisfied here. First, "[n]umerous courts have held that service by email does not violate any international agreement," even when a country objects to Article 10 of the Hague Convention, so long as "the objections of the recipient nation are limited to those means [of service] enumerated in Article 10." *F.T.C. v. Pecon Software Ltd.*, No. 12-CV-7186 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013); *see also Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, No. CV 13-1981 (BAH), 2016 WL 471273, at *11 (D.D.C. Feb. 7, 2016) ("[A] country's objection to Article 10 does not constitute an express rejection of service by email."). *But see Agha v. Jacobs,* No. C 07–1800 RS, 2008 WL 2051061, at *2 (N.D. Cal. May 13, 2008) (holding that mention of "postal channels" in Article 10 may cover emails). As Judge Karas recently noted, "Russia has not explicitly objected to service by electronic means." *AMTO*, 2015 WL 3457452, at *7. And like Judge Karas, this Court "is not aware of any other international agreement or Russian law that prohibits service via email." *Id.* Accordingly, the Court holds that "service via email for a defendant residing in Russia may qualify as an alternative means of service under Rule 4(f)(3)." *Id.*

3

Turning to the second requirement, a means of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "As a general matter, 'in those cases where service by email has been judicially approved, the movant supplied the Court with *some facts* indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014), *adhered to on recons.*, No. 12-CV-5754, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015) (emphasis added) (quoting *Fortunato v. Chase Bank USA, N.A.*, No. 11-CV-6608 (JFK), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012)). Put differently, as long as the plaintiff "demonstrates that the email is likely to reach the defendant," then "[s]ervice by email alone comports with due process." *Pecon Software,* 2013 WL 4016272, at *5.

Here, Fisher has provided sufficient evidence to indicate that an email to the konov@pkonchalovsky.com address is likely to reach the defendant. Alexander Konov, who Fisher avers is the Foundation's director, *see* Dkt. No. 17 ¶ 5, responded promptly to an email sent to that address within the past two months. *See F.T.C. v. PCCare247 Inc.*, No. 12-CV-7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (finding "a high likelihood that defendants will receive and respond to emails" when the court had "confirmation that at least one of [several] email accounts was recently in use by [a] specified defendant"). Moreover, the fact that Mr. Lamblot's email concerned authentication of a Konchalovsky painting, the subject at issue in this case, suggests that the email address for Mr. Konov is an appropriate means of informing the Foundation of lawsuits relating to the authenticity of Konchalovsky works. *See NYKCool*, 66 F. Supp. 3d at 391 (noting "an important distinction between e-mail addresses that are the mechanisms by which defendants conduct business and e-mail addresses that are only used as an informal means of accepting requests for information rather than for receiving important business communications" (quotation marks, citation, and alterations omitted)).

By contrast, in cases where courts have held that email service would not comport with due process, there have been obvious deficiencies in the evidence put forward by the party proposing service. For instance, in *Fortunato v. Chase Bank USA, N.A.*, the court declined to authorize service by email because the third-party plaintiff had "not set forth any facts that would give the Court a degree of certainty that . . . the email address listed on the Facebook profile [of the third-party defendant] is operational and accessed." 2012 WL 2086950, at *2. And in *S.E.C. v. China Intelligent Lighting & Electronics., Inc.*, the court explained that the SEC had failed to show that two email addresses it proposed to use for service were actually linked to the individuals the SEC was trying to reach. 2014 WL 338817, at *2. Moreover, there was "no evidence" that, even if the addresses provided were once correct, the individuals still used them. *Id.* Accordingly, the court held that the SEC failed to show that "email is likely to reach the defendants." *Id.* (quotation marks, citation, and alteration omitted). This case does not present such evidentiary shortcomings.

For the foregoing reasons, Fisher's request to serve the Foundation via email is GRANTED. His initial request to serve the Foundation via international mail is DENIED. This resolves Docket Nos. 13 and 16.

SO ORDERED.

Dated: March 10, 2016
      New York, New York

_____
ALISON J. NATHAN
United States District Judge